IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ABRAR U. HAQUE, *et al.*, | ) | CASE NO. 4:09 CV 155 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MICHAEL MUKASEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is a motion by the United States Attorney[2] to dismiss this action under Federal Rules of Civil Procedure 12(b)(5) and (6) on the grounds that the complaint fails to state a claim upon which relief may be granted and was insufficiently served.[3] Despite being granted three extensions of time to respond to this motion,[4] *pro se* defendant Abrar Haque, purportedly on behalf of himself, his wholly-owned company, and other family members,[5] has not responded to this motion, contending instead that they should receive a

---

[1] ECF # 10.

[2] The defendants here are various officials of the federal government named in their individual and official capacities. *See*, ECF #1. These defendants are, in turn, represented by the United States Attorney.

[3] ECF # 13 at 1-2.

[4] ECF ## 15, 16, 19.

[5] The plaintiffs here are named at ECF # 1.

ruling on their pending motion to disclose certain grand jury testimony[6] prior to filing such a response.

For the reasons that follow and consistent with my prior non-document order of September 18, 2009, I recommend dismissing this case on the grounds relied on by the United States.

## Facts

The facts relevant to the present motion to dismiss are straightforward and not disputed. The plaintiffs' complaint essentially alleges that during the federal criminal investigation and subsequent conviction of Abrar Haque,[7] the federal defendants violated various constitutional rights of the plaintiffs.

In this motion, the defendants assert that, under the rule pronounced by the Supreme Court in *Heck v. Humphrey*,[8] a convicted plaintiff may not bring a civil action for damages based on any alleged unconstitutionality in the underlying criminal proceeding unless the conviction has been reversed or otherwise invalidated.[9] While the collateral attack held

---

[6] ECF # 16, Ex. 1.

[7] A more extensive presentation of the facts pertaining to the underlying offense, investigation and conviction are set forth in *United States v. Haque*, Nos. 07-3086, 07-3087, 07-3115, 2009 WL 4846000, at ** 1-2 (6th Cir. Feb. 26, 2009).

[8] *Heck v. Humphrey*, 512 U.S. 477 (1994).

[9] *Id.* at 487.

invalid in *Heck* related to a conviction obtained under 42 U.S.C. § 1983,[10] the defendants here maintain that *Heck*'s preclusionary rule similarly applies, as in this case, to *Bivens* claims,[11] requiring the dismissal of such claims.[12]

Haque, for his part,[13] insists[14] that the plaintiffs are entitled under Federal Rule of Civil Procedure 56(f) to a ruling on their motion for disclosure of grand jury records before being required to respond the defendants' motion to dismiss.[15]  As noted, in a non-document order of September 18, 2009, I ruled that, because the motion to disclose grand jury records arises in a separate criminal case and not the civil action referred to me here, a report and recommendation on the defendants' motion to dismiss could issue in the absence of any ruling on the motion to disclose.

---

[10] *Id*. at 486-87.

[11] *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998).

[12] *See*, *Hamilton v. Reed*, 22 F. App'x 551, 552 (6th Cir. 2001).

[13] As noted, the defendants contend that although Haque, a non-attorney appearing *pro se*, claims to now represent the other defendants, any such attempt is unavailing. ECF # 13 at 5, citing *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969); *Lawson v. Edwardsburg Pub. School Dist.*, 751 F. Supp. 1257, 1258-59 (W.D. Mich. 1990).

[14] Because I have already ruled that the presence of a motion to disclose in a separate criminal case is no bar to issuing a report and recommendation on the motion to dismiss in this case, Haque's arguments are made in the form of "objections" to my non-document order.

[15] ECF # 21.

## Analysis

Initially, I note that, in addition to maintaining that the plaintiffs' present action should be dismissed under *Heck*, the defendants also assert, as previously observed, that:

(1) Haque, a *pro se* non-attorney, may not represent the other plaintiffs,[16]

(2) money damages claims against the United States cannot be maintained without an express statutory waiver of sovereign immunity, not present here;[17]

(3) claims against individual assistant United States Attorneys are barred by prosecutorial immunity;[18]

(4) claims against defendants Mukasey, Gonzalez, Wray and Killion in their individual capacities should be dismissed for lack of personal participation by these defendants in the events at issue;[19]

(5) plaintiffs' allegations concerning purported violations of the Privacy Act[20] fail to state a claim upon which relief can be granted because the alleged constitutional violations related in the complaint do not themselves plead a specific violation of the Privacy Act;[21] and

(6) there has been insufficient service of process on the individual federal defendants.[22]

---

[16] ECF # 13 at 5-6.

[17] *Id*. at 9-10.

[18] *Id.* at 9 n.2.

[19] *Id*. at 10-11.

[20] 5 U.S.C. § 552(a) *et seq*.

[21] ECF # 13 at 11-12.

[22] *Id*. at 12-13.

Without addressing each of these arguments – which all appear to have merit and would be grounds for dismissing some or all of the present action – I have focused on the central argument that these claims are precluded by *Heck*. Essentially, even if dismissal without prejudice were granted on these grounds, further proceedings could presumably take place after (a) service was perfected, (b) the complaint amended to narrow the number of defendants and restrict the capacity in which they are sued, and (c) separate counsel obtained by the plaintiffs. However, if the defendants are correct as to *Heck*, the entire complaint is liable to dismissal in its entirety now at the pleading stage without possibility of it being reasserted, absent future invalidation or reversal of the conviction.[23]

As discussed previously, the rule announced in *Heck* does here bar these plaintiffs from asserting their claims. Plaintiffs' contention that Federal Rule of Civil Procedure 56(f) – a provision of the rules applicable to summary judgments – now precludes dismissal is inapposite. Simply put, additional discovery, such as may be relevant to a summary judgment motion, cannot invalidate the underlying conviction, which invalidation is the basis for dismissal under *Heck*. In other words, even if that discovery asked for in a different case could, *arguendo*, be granted in this case, it would do nothing to address the defect in the complaint that is at the root of the defendants' motion to dismiss.

---

[23] *Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (dismissal of claims barred by *Heck* is proper under Fed. R. Civ. P. 12(b)(6)).

## Conclusion

Accordingly, for the reasons given, I recommend that the defendants' motion to dismiss be granted, and that the present complaint be dismissed without prejudice.[24]

Dated:  February 10, 2010                                                s/ William H. Baughman, Jr.
                                                                                              United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[25]

---

[24] This formulation of dismissal without prejudice appears to be favored so as not to preclude any possibility, even remote, of a plaintiff removing the impediment of the existing conviction and refiling the claim in accord with all other relevant conditions for filing.

[25] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).